Filed 11/12/21  P. v. Hollis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>SHAYANA HOLLIS,<br><br>      Defendant and Appellant. | C092116<br><br>(Super. Ct. No. 10F08037) |

In 2010, defendant Shayana Hollis's codefendant, Marquis Greenwood, shot and killed defendant's boyfriend during a botched armed robbery while defendant waited in the car.  Defendant pleaded no contest to voluntary manslaughter (Pen. Code, § 192,

1

subd. (a))[1] and admitted that she was a principal who was armed during the commission of the offense (§ 12022, subd. (a)(1)). In 2019, defendant petitioned the trial court for resentencing pursuant to section 1170.95, which the trial court denied because she was not convicted of murder and thus not eligible for relief under the statute. Defendant appeals the trial court's denial of her petition, arguing it erred when it ruled that her voluntary manslaughter conviction bars her from relief. We find no error and affirm.

BACKGROUND

Originally charged with first degree murder under a theory of felony murder, defendant ultimately pleaded no contest to voluntary manslaughter and admitted that she was a principal who was armed during the commission of the offense. The trial court sentenced defendant to a stipulated 12-year prison term. While defendant was serving her 12-year prison term, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4), which amended the law governing murder liability under the felony murder and natural and probable consequences theories and provided a new procedure under section 1170.95 for eligible defendants to petition for recall and resentencing.

Defendant filed a section 1170.95 petition. The People informally opposed the petition via letter, and defendant filed a reply. The People then filed a motion to dismiss the petition, and the trial court appointed counsel and ordered further briefing. After receiving the additional briefing from both parties, the trial court denied the petition, finding defendant had not established a prima facie case for resentencing, as she was not convicted of murder, but manslaughter.

---

[1] Undesignated references are to the Penal Code.

2

DISCUSSION

I

*Application of Section 1170.95 to Guilty Manslaughter Plea*

Defendant claims on appeal that section 1170.95 applies to persons who were charged with murder under a felony murder or natural and probable consequences theory but pleaded guilty to manslaughter to avoid trial.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

"[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id.*, subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id.*, subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced. (*Id.*, subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at p. 993.) "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder." (*Ibid.*; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"].)

"Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] Had the Legislature intended to make section 1170.95

3

available to defendants convicted of manslaughter, it easily could have done so." (*Flores, supra*, 44 Cal.App.5th at p. 993; see *Cervantes, supra*, 44 Cal.App.5th at p. 887 ["[t]here is no reference [in section 1170.95] to the crime of voluntary manslaughter"].)

Defendant relies on section 1170.95, subdivision (a)(2), which provides, "The petitioner was convicted of first degree or second degree murder following a trial or *accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*." (Italics added.) Defendant contends there is an ambiguity in the statute, in that section 1170.95, subdivision (a) appears to apply only to those convicted of murder, as opposed to the language of section 1170.95, subdivision (a)(2), which appears broader in that it includes those who accepted a plea offer in lieu of trial.

At the outset, we are not persuaded by defendant's contention that the statute's reference to individuals who accepted pleas renders the statute ambiguous, because this statutory construction "places outsized importance on a single clause to the exclusion of the provision's other language. . . . [T]he remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores, supra*, 44 Cal.App.5th at p. 995.) We further find the reasoning of *People v. Sanchez* (2020) 48 Cal.App.5th 914 (*Sanchez*) persuasive on this point.

"Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply. Regardless of whether that clarification was necessary, ' "the Legislature may choose to state all applicable legal principles in a statute rather than leave some to even a predictable judicial decision." ' [Citation.] Express statutory language defining the class of defendants to whom section 1170.95 applies is not surplusage. [Citation.] Such clarification 'may eliminate potential confusion and avoid the need to research extraneous legal sources to understand the statute's full meaning.' " (*Sanchez, supra*, 48 Cal.App.5th at p. 919.)

4

Moreover, even if we were to assume for the sake of argument that section 1170.95, subdivision (a)(2) is ambiguous, we agree with the analysis in *People v. Turner* (2020) 45 Cal.App.5th 428 (*Turner*), that the legislative history of Senate Bill No. 1437 reflects that the Legislature wanted to provide relief only to those who were convicted of felony murder or of murder on a natural and probable consequences theory. (*Turner*, at pp. 436-438.)

Nor, contrary to defendant's claim, is such an interpretation absurd or contrary to the legislative intent. "The legislative goal was to eliminate the sentencing disparity caused by the felony-murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes*, *supra*, 44 Cal.App.5th at p. 889, fn. omitted; see *Flores, supra*, 44 Cal.App.5th at pp. 996-997.) The punishment for manslaughter is already less than that imposed for first or second degree murder, and the determinate sentencing ranges permit a sentencing judge to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors. "Providing relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence offenders.' " (*Turner, supra*, 45 Cal.App.5th at p. 439.)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for voluntary manslaughter are ineligible for section 1170.95 relief. In so doing, we are in accord with the uniform line of decisions by other courts of appeal that section 1170.95 applies to defendants convicted of murder, not to defendants who plead to and are convicted of a lesser offense. (*Sanchez, supra*, 48 Cal.App.5th at p. 916 [charged with first degree murder with a gang enhancement, pleaded guilty to voluntary manslaughter and admitted enhancement]; *Turner, supra*, 45 Cal.App.5th at pp. 431-432 [charged with first degree murder and firearm and gang enhancements, pleaded guilty to voluntary

5

manslaughter and admitted firearm enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989-990 [charged with murder with robbery and gang enhancements, pleaded guilty to voluntary manslaughter and admitted enhancements]; *Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pleaded no contest to voluntary manslaughter]; *People v. Paige* (2020) 51 Cal.App.5th 194, 197, 200-206 [charged with murder, pleaded guilty to voluntary manslaughter].)  Defendant acknowledges these authorities in her reply brief and urges us not to follow them.  We decline the invitation and conclude the trial court did not err in summarily denying defendant's petition.

Finally, defendant's invocation of the rule of lenity is unavailing, because the rule -- which " 'generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation" ' " -- does not apply simply because there are multiple *reasonable* interpretations of a penal statute.  (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.)  It applies only in cases of egregious ambiguity, where we can only guess what the Legislature intended.  (*Ibid.*)  "No such uncertainty exists here."  (*Ibid.*)

II

*Equal Protection*

Defendant next contends an interpretation of section 1170.95 that excludes manslaughter plea convictions violates equal protection.  She claims there "could be no rational basis for giving [defendants] charged with murder -- the most serious crime -- the benefit of [Senate Bill No.] 1437, but withholding that benefit from a defendant charged with a lesser included offense."

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]  This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for

purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253, original italics.)

Defendant was convicted of voluntary manslaughter, a different crime than murder, which carries a different punishment than murder; she is not similarly situated to those convicted of murder. (See *Cervantes*, *supra*, 44 Cal.App.5th at p. 888.) Thus, defendant's equal protection challenge fails at the first step.

III

*Prima Facie Case*

Defendant last contends that the trial court must issue an order to show cause and hold an evidentiary hearing because her petition was at least facially sufficient to state a prima facie case. We disagree.

The California Supreme Court recently decided *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which clarifies the process that trial courts must undertake when they receive a section 1170.95 petition. *Lewis* explains that once a defendant files a facially sufficient petition, as described in subdivision (c), the trial court must appoint counsel for the defendant and receive briefing from the parties. (*Lewis*, at pp. 962-964, 970.) Thereafter, " 'with the benefit of advocacy for both sides,' " the trial court conducts a single prima facie review of the petition. (*Id.* at pp. 970-971; see *id.* at pp. 961-967.) It further states that "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972.)

Here, consistent with the requirements in *Lewis*, the trial court appointed counsel and received briefing prior to concluding defendant failed to state a prima facie case for relief. As discussed, to state a prima facie case, defendant must have actually been convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subds. (a), (b)(1)(A).) Here, defendant's form petition avers that she pleaded guilty or no contest to first or second degree murder, when in fact, the record of

7

conviction discloses that defendant pleaded no contest to voluntary manslaughter.  Thus, the trial court did not err by concluding defendant failed to state a prima facie case and denying her petition on that basis.

DISPOSITION

The order denying the section 1170.95 petition is affirmed.

      /S/             
MAURO, J.

We concur:

     /S/            
ROBIE, Acting P. J.

     /S/            
DUARTE, J.

8